UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TERRI S. RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.   1:05-CV-400 |
| | ) | |
| WATERFIELD MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

This Americans with Disabilities Act case, 42 U.S.C. § 12101 *et. seq*., is before the Court on the motion of the *pro se* Plaintiff, Terri S. Ray, seeking to amend the caption, ostensibly to add Waterfield Financial Corporation as a defendant. (DE # 11.)  The Defendant, Waterfield Mortgage,  filed a response (DE # 16) on February 24, 2006, essentially arguing that while it had no objection to naming Waterfield Financial Corporation as a defendant, it should be dropped as a defendant since Ray was never employed there. (Resp. to Pl.'s Mot. to Amend the Caption 2.) Waterfield Mortgage's response was accompanied by an affidavit from Rebecca Teagarden, a current senior vice president of Waterfield Mortgage and former senior vice president of Waterfield Financial Corporation, verifying that throughout Ray's tenure, Ray worked only at Waterfield Financial, not Waterfield Mortgage.  Ray has filed no reply.

Ray's motion followed a purported agreement, contained in a so-called stipulation, seeking to substitute Waterfield Financial Corporation for Waterfield Mortgage. (DE # 9.)  At the January 25, 2006, scheduling conference, however, the stipulation was stricken and a briefing schedule on Ray's motion was established.  In sum, Waterfield Mortgage argues that

any amendment that retains it as a named Defendant would be futile, since Ray can only bring an ADA action against her former employer, 42 U.S.C. § 12111(5)(A), which at all times was only Waterfield Financial Corporation. Waterfield Mortgage apparently bases this conclusion on the fact that Waterfield Financial Corporation was the sole source of Ray's employment income, as evidenced by the W-2's attached to Teagarden's affidavit.

Pleadings can be amended once as a matter of course before a responsive pleading is served but otherwise can be amended only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Although leave to amend a complaint should be freely granted when justice so requires, the district court need not allow an amendment . . . when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001) (internal citations omitted). Moreover, a proposed amendment is futile if it would not withstand a motion to dismiss. *Vargas-Harrison v. Racine Unified School Dist.*, 272 F.3d 964, 974 (7th Cir. 2001) (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir.1992)). In other words, if the Court can imagine a set of facts that would entitle Ray to relief on her ADA claim, the amendment should be allowed. *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir.1999). As we shall see, that low threshold means that Ray's motion to amend must be granted.

In order to properly analyze this case, we do not need to delve into the particulars of Ray's ADA case other than to note that she contends that her employer discriminated against her, refused to reasonably accommodation her alleged disability, and allowed her to be harassed based on that disability. Waterfield Mortgage says that Waterfield Financial Corporation was the only employer of Ray, and therefore Waterfield Financial should be the only Defendant;

however, this overlooks the prospect, admittedly narrow but at least imaginable, that one of these entities directed the discriminatory actions of the other. *See LaBouve v. Boeing Co.*, 387 F. Supp. 2d 845, 851 (N.D. Ill. 2005) (citing *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 941 (7th Cir.1999)); *see also Worth v. Tyer*, 276 F.3d 249, 261 (7th Cir. 2001).  If true, then both Waterfield Mortgage and Waterfield Financial Corporation should be named defendants as Ray seeks to do.

The only facts that are suggested in opposition to such an outcome is the contention, backed-up by Teagarden's affidavit, that Ray was on Waterfield Financial's payroll, not Waterfield Mortgage's. (Aff. of Rebecca Teagarden ¶ 3.)  This absence from the payroll, however, is not necessarily dispositive. *See Stone v. Indiana Postal & Fed. Employees Credit Union*, No. 1:05-CV-114, 2005 WL 2347226, at *3 (N.D. Ind. Sept. 26, 2005).

Accordingly, we will grant Ray's motion to amend and will show Waterfield Financial Corporation added as a defendant. We recognize, however, as should Ray, that if a motion for summary judgment is filed on whether Waterfield Mortgage was Ray's employer for purposes of the ADA, she will need to come forward with evidence that would at least raise a material issue of fact concerning possible affiliate liability. *See Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

SO ORDERED.

Enter for March 14, 2006.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge